**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BRIAN K. ROGERS, | : | CIVIL ACTION NO. |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF MIDDLETOWN; RETIRED CHIEF OF | : | |
| POLICE WILLIAM McKENNA; , In his official | : | |
| and individual capacity; SERGEANT BRIAN | : | |
| WHITE, In his official and individual capacity; | : | |
| OFFICER WILLIAM MAIO, In his official | : | |
| and individual capacity; OFFICER BRENDA | : | |
| WHITE,  In her official and individual capacity; | : | |
| OFFICER MICHAEL THOMPSON, In his official | : | |
| and individual capacity; OFFICER KEVIN | : | |
| WHITE In his official and individual capacity; | : | |
| OFFICER SANTO STEFANOS,  In his official | : | |
| and individual capacity; and MARC DELMAURO, | : | |
| In his official and individual capacity | : | |
| *Defendants.* | : | DECEMBER 5, 2022 |

**COMPLAINT AND JURY DEMAND**

**I.  Introduction.**

Plaintiff brings this federal question action pursuant to  42 U.S.C. §§ 1981,  the Equal Protection Clause of the Fourteenth Amendment, Articles First, §§ 7, 9, and 10 of the Constitution  of the State of Connecticut. The Plaintiff's Complaint also includes various state claims against the Defendants, all of which federal and state claims result from the Defendants' use of excessive force against the Plaintiff while he was in their custody and physically restrained by the Defendant Officers on or about December 6, 2019 on the streets of the City of Middletown.

1

## II.  Jurisdiction.

1.  This federal action is brought pursuant to 42 U.S.C. § 1981, the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, Articles First, §§7, 9, and 10 of the Constitution  of the State of Connecticut. along with various state claims. Jurisdiction is conveyed pursuant to 28 U.S.C. §1343(3) and 28 U.S.C. §1331.

## III.  Venue.

2.  Venue in the Federal District Court for the District of Connecticut is proper pursuant to 28 U.S.C. §1391.

## PARTIES

3.  The Plaintiff, BRIAN K. ROGERS, was, at all times relevant herein a resident of the State of Connecticut.

4.  The Defendant CITY OF MIDDLETOWN was at all times relevant herein a municipality of the State of Connecticut.

5.  RETIRED CHIEF OF POLICE WILLIAM McKENNA was at all times relevant herein the Chief of the Middletown Police Department.

6.  SERGEANT BRIAN WHITE was at all times relevant herein the Sergeant of the Middletown Police Department.

7.  OFFICERS WILLIAM MAIO, BRENDA WHITE,  MICHAEL THOMPSON, KEVIN WHITE, SANTO STEFANOS, and MARC DELMAURO were at all times relevant herein duly sworn officers of the Middletown Police Department ("MPD").

## STATEMENT OF FACTS

8.  This is an action for relief against the City of Middletown, the now retired Chief of the MPD, Sergeant, and various officers of the MPD who, acting under the color of law, have deprived the plaintiff of the rights,  privileges and immunities secured to him by the Constitution and laws of the United  States, the Constitution of the State of Connecticut and various state common law claims. Such deprivations are in violation of Title 42 of the United States Code,  Section 1981, and Articles First, §§7, 9, and 10 of the Constitution  of the State of Connecticut.

9.  At all times mentioned herein, defendants CHIEF OF POLICE WILLIAM McKENNA, OFFICER MAIO and BRENDA WHITE were duly appointed officers of the police department of Middletown, Connecticut, acting in their official capacities.

10.  On December 6, 2019 during the early afternoon hours, the plaintiff was traveling in his automobile in the vicinity of Route 66 and Meadowbrook Drive when he was pulled over by Officer Maio who claimed that the Plaintiff was missing a front marker plate.

11.  OFFICER MAIO who was accompanied by OFFICER BRENDA WHITE engaged in a verbal confrontation with the Plaintiff who insisted that he had done nothing wrong. OFFICER MAIO then violently placed handcuffs on the plaintiff, all in the presence of OFFICER WHITE.

12.  At that time and place, the Plaintiff, who was unarmed and having been frisked, was thrown to the ground violently by OFFICER MAIO, causing the back of his head to strike the pavement of the road, causing him to suffer serious injuries to the back of his skull. The Plaintiff also suffered a serious contusion and swelling to his left eye and other parts of his body as a result of being struck and thrown by OFFICER MAIO.

13.  Despite Officer Maio's claim that the Plaintiff was involved with shoplifting at a local

3

supermarket the plaintiff consistently and continuously denied any involvement of shoplifting and was arrested, handcuffed and was taken to the Middletown Police Department Headquarters by Sergeant Brian White, Officer Brenda White, Officer William Maio, Officer Kevin White, Officer Santo Stefano, and booked by Officer Marc Delmauro.

14. As a result of the use of excessive force by OFFICER MAIO, the Plaintiff suffered serious injuries, has incurred  and will continue to incur expenses for medical care.

## FEDERAL CLAIMS

**COUNT ONE - (As to All Defendants, the Same Rights As White Citizens to The Full and Equal Protection of all Laws Against the Use of Excessive Force in Violation of 42 U.S.C. §1981)**

15-21. Paragraphs 8 through 14 are re-alleged and incorporated by reference as though stated fully herein.

22. The actions of the Defendant Officers, in particular Officer Maio, in using excessive force in the roadside during the in custody treatment of the Plaintiff based upon his race as a black person denied him the full and equal benefit of all laws that protect citizens who are not black or brown from the use of excessive force by members of the MPD, in this case, Officers Maio, who used excessive force in throwing the Plaintiff to the ground while he was handcuffed with his hands behind his back and the City of Middletown and Chief McKenna in failing properly to oversee the conduct of MPD officers.

23. The actions of the Defendants as alleged herein constitute a denial of the same rights to the full and equal benefit of all laws as are guaranteed to white citizens to those citizens who are not black or brown, all in violation of 42 U.S.C. §1981.

**COUNT TWO - (As to all Defendants, a Violation of the Plaintiff's Right to Equal Protection of the Law as Guaranteed by the Fourteenth Amendment of the U.S. Constitution.)**

24-30. Paragraphs 8 through 14 are re-alleged and incorporated by reference as though stated fully herein.

31. The Defendants City of Middletown and Chief McKenna in failing properly to train their police officers to treat black and brown people equally lead to the Plaintiff's rights to equal protection guaranteed by the equal protection clause of the Fourteenth Amendment to the U.S. Constitution.

32. The use of excessive force by Officer Maio against the Plaintiff, a black man, violated his rights to equal protection guaranteed under the equal protection clause of the Fourteenth Amendment to the U.S. Constitution.

## STATE CLAIMS

**COUNT FOUR - (As to All Defendants, Violation of the Plaintiff's Rights Protected Under Article First, §7 of the Constitution of the State of Connecticut.)**

33-39. Paragraphs 8 through 14 are re-alleged and incorporated by reference as though stated fully herein.

40. The conduct of the Defendants as alleged herein violated the Plaintiff's rights protected under Article First, §7 of the Constitution of the State of Connecticut as such actions constituted an unreasonable search and seizure of the Plaintiff.

**COUNT FIVE - (As to All Defendants for Negligent Infliction of Emotional Distress.)**

41-47. Paragraphs 8 through 14 are re-alleged and incorporated by reference as though stated fully herein.

48. The Defendants' actions as alleged herein constituted negligent infliction of emotional harm on their behalf against the Plaintiff, as a result of which he was injured in the manner set forth below.

**COUNT SIX - (As to All Defendants, Intentional Infliction of Emotional Distress.)**

49-55.  Paragraphs 8 through 14 are re-alleged and incorporated by reference as though stated fully herein.

56.  The Defendants' actions as alleged herein constituted intentional infliction of emotional harm on their behalf against the Plaintiff, as a result of which he was injured in the manner set forth above.

WHEREFORE, The Plaintiff claims the following damages and any further relief the Court deems appropriate:

1. Compensatory damages;
2. Punitive damages;
3. Attorney's fees.

PLAINTIFF,
BRIAN K. ROGERS

By _____
Ronald S. Johnson, Esq.
Law Office of Ronald S. Johnson & Assoc.
100 Wells Street, Suite 2C
Hartford, Connecticut 06103
Phone: 860-231-9757
Facsimile: 860-233-8276
Email: janvier7@aol.com